Carla M. Wirtschafter (SBN 292142)
Email:    cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

Jordan W. Siev (*pro hac vice forthcoming*)
Email:    jsiev@reedsmith.com
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: +1 212 521 5400
Facsimile: +1 212 521 5459

*Attorneys for Plaintiffs*
*Robyn Rihanna Fenty, Roraj Trade, LLC and*
*Combermere Entertainment Properties, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBYN RIHANNA FENTY, an individual, RORAJ TRADE, LLC, a New York limited liability company, and COMBERMERE ENTERTAINMENT PROPERTIES, LLC, a New York limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>FENTY ENTERTAINMENT, LLC, a California limited liability company, RONALD FENTY, an individual, MOSES JOKTAN PERKINS, an individual, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: 2:19-cv-307<br><br>**COMPLAINT FOR:**<br><br>**(1) FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a);**<br><br>**(2) FALSE ADVERTISING – 15 U.S.C. § 1125(a)**<br><br>**(3) VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344;**<br><br>**(4) INVASION OF PRIVACY – FALSE LIGHT PUBLICITY;**<br><br>**(5) DECLARATORY RELIEF – 28 U.S.C. § 2201; AND**<br><br>**(6) INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Robyn Rihanna Fenty ("<u>Rihanna</u>"), Roraj Trade, LLC ("<u>Roraj</u>") and Combermere Entertainment Properties, LLC ("<u>Combermere</u>") (collectively "<u>Plaintiffs</u>"), as and for their Complaint, hereby allege as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff Rihanna is an internationally-known musical artist and business woman. Seeking to trade on her hard-earned success and the recognition and goodwill associated with her last name and her Fenty brand of products, her father, Ronald Fenty ("<u>Mr. Fenty</u>"), and his business partner, Moses Joktan Perkins' ("<u>Mr. Perkins</u>"), have egregiously and fraudulently misrepresented to third parties and the public that their company, Fenty Entertainment, LLC (the "<u>Company</u>"), is affiliated with Rihanna, and has the authority to act on her behalf.  Mr. Fenty and Mr. Perkins have used these lies in a fraudulent effort to solicit millions of dollars from unsuspecting third parties in exchange for the false promise that they were authorized to act on Rihanna's behalf, and/or that Rihanna would perform at various locations throughout the world.

2.      Although Mr. Fenty is Rihanna's father, he does not have, and never has had, authority to act on Rihanna's behalf, nor has he ever been authorized to use her name, intellectual property or publicity rights.  Similarly, neither Mr. Perkins nor the Company has any affiliation whatsoever with Rihanna, and absolutely no authority to act on Rihanna's behalf or to use her name, intellectual property or publicity rights.  In addition, neither Mr. Fenty, Mr. Perkins nor the Company holds any license from Roraj or Combermere – Rihanna's wholly-owned entities and the sole holders of the right to grant licenses for the use of Rihanna's intellectual property and publicity rights.  Simply put, Mr. Fenty, Mr. Perkins and the Company are not presently, nor have they ever been, authorized to exploit Rihanna's name, her intellectual property or the goodwill associated with her well-known "Fenty" brand, or to solicit any business on her behalf.

3.      Mr. Fenty, Mr. Perkins and the Company's (collectively "<u>Defendants</u>")

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

fraudulent conduct is particularly egregious because they repeatedly have been told to stop making these misrepresentations, and to cease and desist all activity and efforts to exploit Rihanna's name and the goodwill associated with the Fenty brand.  Blatantly ignoring these demands to cease and desist, Defendants continue to falsely state and advertise to third parties that the Company is affiliated with Rihanna and the Fenty brand in an effort to solicit investments from third parties who were led by Defendants to believe that Defendants are affiliated with Rihanna and the Fenty brand.   In furtherance of this fraud, Defendants even went so far as to attempt (albeit unsuccessfully) to register the FENTY Mark in connection with purported "resort hotel services", hoping to exploit Rihanna's name and brand, and they have consistently misappropriated Rihanna's name and her well known trademark, FENTY, through the Company's website and social media profiles, and the personal social media profiles of Mr. Perkins.  This conduct is consist with a pattern and practice of fraud, which includes unauthorized attempts to negotiate and enter into service agreements on Rihanna's behalf without her consent.

4.     Judicial intervention is necessary because Defendants have made clear that they have no intention of ceasing their fraudulent and infringing conduct.  In the face of clear warnings, Defendants continue to unabashedly perpetuate this fraud in an attempt to profit at the expense of Rihanna's rights.  Accordingly, Plaintiffs bring this lawsuit to protect Rihanna's name, reputation, goodwill and privacy, to recover damages for Defendants' wrongdoing, and to enjoin Defendants from further defrauding other unsuspecting members of the public.

## THE PARTIES

5.     Robyn Rihanna Fenty is a world-renown recording artist and business woman who resides in the United Kingdom.   She is also commonly known to consumers and the public worldwide by her professional name "Rihanna" and is globally associated with her world renown brand "Fenty."

6.     Roraj Trade, LLC is a limited liability company organized under the laws

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of the State of New York with its principal place of business in New York, New York, and is wholly-owned by Rihanna. Roraj holds sole legal title to the trademarks used in connection with Rihanna's professional activities – including the FENTY Mark (defined and further described in detail below).

7. Combermere Entertainment Properties, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business in New York, New York, and is wholly-owned by Rihanna. Combermere is the sole holder of a sub-license from Roraj, which authorizes it to provide licenses to third parties to use Rihanna's trademarks.

8. Upon information and belief, Plaintiffs allege that Defendant Ronald Fenty ("Mr. Fenty") is an individual residing the country of Barbados, but who regularly conducts business in Los Angeles, California, and owns Fenty Entertainment, LLC, which has its principal place of business in Los Angeles, California. Mr. Fenty is Rihanna's father.

9. Upon information and belief, Plaintiffs allege that Defendant Moses Joktan Perkins ("Mr. Perkins") is an individual residing in Carson, California, who also goes by the name MJ Perkins.

10. Pursuant to information available on the California Secretary of State website, Plaintiffs allege that the Company is a limited liability company organized under the laws of the State of California, which has been registered to do business in California since April 11, 2017 offering services in the "entertainment industry." Plaintiffs also allege that the Company's principal place of business is 7080 Hollywood Boulevard, Suite 1000 Los Angeles, California 90028. Mr. Fenty is listed as the Company's manager and sole member. Upon information and belief Plaintiffs allege that Mr. Perkins is the CEO and a manager of the Company. Upon information and belief Plaintiffs further allege that Mr. Perkins and Mr. Fenty are authorized representatives and agents of the Company.

11. The true names or capacities, whether individual, corporate, associate, or

otherwise, of Does 1-10 inclusive, and each of them are unknown to Plaintiffs at this time. Plaintiffs therefore sue Does 1-10 by such fictitious names. Plaintiffs will amend the Complaint to reflect the true names and capacities of said Does 1-10 when that information has been ascertained. Plaintiffs allege upon information and belief that each of Does 1-10 was involved in the wrongdoing alleged herein, and is jointly and severally liable for all of the conduct alleged herein.

## **JURISDICTION AND VENUE**

12. This action is for unfair competition, false designation of origin and false advertisement involving claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*., for declaratory relief, 28 U.S.C. § 2201, for misappropriation of name under California Civil Code § 3344, invasion of privacy – false light publicity and injunctive relief arising under the common law of the State of California.

13. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and 1338(a), and has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). This Court also has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(3), because on the one hand, the Company and Mr. Perkins are citizens of California and Mr. Fenty is a citizen of Barbados, and Roraj and Combermere on the other hand, are citizens of New York, and Rihanna is a citizen of the United Kingdom. Rorarj and Combermere are wholly owned by Rihanna and have no other members. The amount in controversy as alleged herein exceeds the jurisdictional minimum of $75,000.

14. This Court has personal jurisdiction over Defendants because Mr. Perkins resides in this district, Mr. Fenty regularly conducts business in this district and owns and operates the Company which is located in this district, and the Company has its principal place of business in this district. Moreover, Defendants have transacted business in this district and committed infringement and tortious acts within the State of California by purposely using the FENTY Mark and Rihanna's name in connection with the Company, knowing that such marketing is likely to defraud consumers into

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

believing that the Company has an affiliation with the Rihanna and to cause consumer confusion and harm to Plaintiffs in this district.   Upon information and belief, Defendants also solicit business from California residents.

15.     Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Company and Mr. Perkins reside in this district, Defendants regularly conduct business in this district, and the asserted claims arise from Defendants' conduct within this district, including the solicitation of business and the promotion of services while making unauthorized and infringing use of Rihanna's name and the FENTY Mark.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. "Fenty" Is Known to the Public Around the World to Be Affiliated With Rihanna

16.     Rihanna is a best-selling music artist who has sold at least 230 million records worldwide.   Rihanna's debut album was released in 2005, and in 2006 she reached the top 10 on the US Billboard 200 chart.   Rihanna won her first Grammy Award in 2008, and has since won additional Grammys.   In addition, Rihanna has founded many award-winning businesses, including FENTY BEAUTY, which was named one of Time Magazine's 2017 "Inventions of the Year".

17.     Given that she is a world-famous recording artist and businesswoman, consumers internationally associate the mark "FENTY" with Rihanna.   In addition to it being her surname, Rihanna, through her affiliated entities, operates several businesses using the FENTY Mark, and has been using that name professionally and in connection with her brand and businesses, since at least August 2012.   Since at least November 2014, Rihanna, through her affiliated entities, has used the FENTY Mark in connection with the sale of multiple products, including FENTY for Stance socks and FENTY X PUMA in a world-wide venture with PUMA SA.   Rihanna, through her affiliated entities, participates in and has licensed the FENTY Mark in the following additional formats: FENTY BEAUTY, FENTY by RIHANNA, FENTY 88,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

and FENTY GLOW.

18.     Roraj is the exclusive owner of the active and valid registered United States trademarks FENTY BEAUTY (Registration Nos. 5,586,904, 5,586,905), FENTY BEAUTY by RIHANNA (Registration Nos. 5,397,059 and 5,408,127), FENTY 88 (Registration No. 5,483,535), and FENTY GLOW (Registration No. 5,414,058).  Roraj also filed applications to register the marks FENTY, LAVENDER BY FENTY, FENTY BY RIHANNA, FEN BY FENTY, and HOUSE OF FENTY, which are pending.

19.     Roraj also owns trademarks and protects the FENTY Mark worldwide, and presently owns valid and subsisting trademark registrations in over 51 foreign trademark jurisdictions for FENTY BEAUTY, FENTY 88, FENTY GLOW, FENTY BEAUTY BY RIHANNA, LAVENDER BY FENTY, FENTY, FENTY BY RIHANNA, FEN BY FENTY, HOUSE OF FENTY, FENTY SKIN, FENTY FRAGRANCE, FENTYCORP and FENTY.

20.     The FENTY Mark is famous and well-known in the U.S. and around the world to consumers and the public to be affiliated with Rihanna, her businesses and products, and her as an entertainer.

21.     Rihanna, through her affiliated entities, regularly advertises businesses and products pursuant to her commercial use of the FENTY Mark, and such advertisements are often accompanied by images of Rihanna and/or the phrase "by Rihanna."

22.     In sum, the FENTY Mark has become inextricably intertwined with Rihanna, including her reputation and her portfolio of business ventures, and it is widely recognized by the general consuming public of the United States, and the world, as a designation of source of the goods and services of Rihanna (referred to herein, including the marks described in paragraphs 16-19 above, as the "FENTY Mark").  Furthermore, the FENTY Mark has developed secondary meaning such that consumers and the public understand that products, services and brands bearing the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FENTY Mark are sponsored by and/or affiliated with Rihanna.  Plaintiffs' use of the FENTY Mark predates any attempted use by Defendants, and Plaintiffs have superior rights to the FENTY Mark as the senior users of the FENTY Mark.

23.    Plaintiffs have spent considerable time, effort, and money promoting the FENTY Mark and developing consumer recognition and goodwill in the same.  Since at least 2014, Plaintiffs, through affiliated entities and written license agreements, have made continuous, substantial, and ongoing investments in marketing and promoting the FENTY Mark through a variety of media, including Internet advertising, social media, and presentations to fans, consumers and customers.  Due to Plaintiffs' extensive and continuous use of the FENTY Mark, all of which inures to the benefit of Roraj, the FENTY Mark is famous and distinctive and the public has come to recognize the FENTY Mark as being uniquely associated with Rihanna.

B. **Mr. Fenty and Mr. Perkins Created the Company by Misappropriating Rihanna's Name and Knowingly Misrepresenting that It Is Affiliated With Rihanna**

24.    Although Mr. Fenty is Rihanna's father, he does not presently, nor has he ever, had the authority to act on Rihanna's behalf or had the right to use her name, the FENTY Mark, to exploit the goodwill of her Fenty brands, or to solicit business on her behalf.

25.    Mr. Fenty and Mr. Perkins created the Company in or about April 2017 in order to provide "services" in the entertainment industry.

26.    The Company promotes itself as a "full-fledged production and talent development company that utilizes today's most cutting-edge digital technologies to create customized user experiences between talent and the fans."

27.    Rihanna has absolutely no affiliation with the Company.  Neither she, Roraj nor Combermere has authorized the Company to use the FENTY Mark, Rihanna's name, or to represent that Rihanna is affiliated with the Company in any way.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

28.   Upon information and belief Plaintiffs allege that Mr. Fenty and Mr. Perkins are the owners and sole individuals responsible for the Company and its website.

29.   The Company maintains a website at the URL fentyentertainment.com (the "<u>Site</u>").

30.   The Site URL incorporates Rihanna's world famous FENTY Mark.

31.   The Site also prominently displays Rihanna's world famous FENTY Mark on its homepage, which contains the word FENTY above the words ENTERTAINMENT-TALENT DEVELOPMENT. The word FENTY is significantly larger than the words above which it appears and is clearly intended to be the focal point of the homepage.  A screen shot of the Site's homepage appears below:



32.   The website contains only two links.

33.   The Site homepage has a link that directs the user to an, undated "Press Release".   The Press Release, like the Site homepage, prominently displays the FENTY Mark in large, bold, all-caps.

34.   In addition, previously (Plaintiffs believe until at least October 2018), the Press Release falsely advertised to the public that: (1) "RIHANNA'S FATHER RONALD   FENTY   STARTS   NEW   ENTERTAINMENT   COMPANY HOLLYWOOD, CA"; and (2) "Ronald Fenty, father of superstar recording artist Rihanna, today announced the launch of Fenty Entertainment with his daughter Robyn

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

'Rihanna' Fenty".

35.     The Site also contains a "submissions" link that automatically opens an email message that populates in the "to" field: info@fentyentertainment.com. Upon information and belief Plaintiffs allege that the intended purpose of the submissions link is to solicit investors for the Company and/or to solicit offers for the services of Rihanna without her authorization.

36.     Until at least November 2018, Defendants' social media pages, including the personal pages of Mr. Perkins, repeated the fraudulent statement that the Company was affiliated with Rihanna.

37.     Mr. Perkins also has falsely stated on his social media pages that a company he founded – GFTD Agency – has worked with Rihanna.

38.     These affirmative statements of affiliation with Rihanna, which appeared on Mr. Perkins' personal social media pages, the Site and its linked social media pages until at least November 2018, gave the public the false impression that Defendants were acting on behalf of, with the authority of, and in affiliation with Rihanna, and that the Company was sponsored and approved by Rihanna.  These false statements were repeated and quoted on third party websites, some of which remain active and available online.[1]

39.     Neither the Site, nor any social media pages linked to the Site, advise consumers or the public that the Company has no affiliation with Rihanna or that Defendants lack authority to speak or act on her behalf.

**C. Defendants Have Fraudulently and Without Authority Attempted to Conduct Business on Behalf of Rihanna and by Exploiting the FENTY Mark**

40.     Defendants have been conducting business pursuant to the false

---

[1] *See, e.g.*:
    (i) https://www.lipstickalley.com/threads/rihannas-dad-launches-entertainment-company-called-fenty-entertainment.976942/ (last visited January 13, 2019);
    (ii) http://www.celebrityxo.com/celebrity-xo/rihannas-father-launches-entertainment-company-fenty-entertainment/ (last visited January 13, 2019).

statements on the Site since, upon information and belief, at least April 2017. Defendants have continuously misrepresented to third parties through the Site, social media pages, email correspondence and oral statements that they (i) are affiliated with, sponsored, and/or approved by Rihanna; (ii) have authority to solicit business for Rihanna's services; and (iii) have authority to negotiate and enter into agreements on Rihanna's behalf.

41.    In mistaken reliance upon these misrepresentations, third-party SBS Entertainment actually offered Defendants an "exclusive deal" for Rihanna in or about December 2017.

42.    The exclusive offer was for Rihanna to perform fifteen (15) shows in Latin America for $15 million, and two fifteen (15) minute sets at Calibash at Staples Center and T-Mobile Arena for $400,000.

43.    Defendants preliminarily "accepted" the deal on Rihanna's behalf and took affirmative steps to finalize the terms of the deal with SBS Entertainment, including seeking payment from SBS Entertainment.

44.    In order to further this fraudulent business transaction, Defendants falsely represented to SBS Entertainment that Rihanna had discussed the deal with Mr. Perkins and Mr. Fenty, "loved the idea," and "approved" further discussions between the Company and SBS Entertainment to get the deal signed off. Mr. Perkins also falsely stated that he and Mr. Fenty had "spoke[n] to someone at Rocnation [*sic*] [Rihanna's management company]" about the deal, implying that it had already been approved.

45.    Contrary to Defendants' fraudulent misrepresentations, they had not spoken with anyone at Roc Nation, nor had Roc Nation or Rihanna authorized Defendants to negotiate deals on Rihanna's behalf, to solicit offers for Rihanna's services, to procure performance engagements for Rihanna, or to enter into agreements for Rihanna's services.

46.    Upon learning of Mr. Perkins and Mr. Fenty's fraudulent statements,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Rihanna's manager and legal counsel each unequivocally told Mr. Perkins and Mr. Fenty both orally and in writing, in a first cease and desist letter dated March 30, 2018, that neither they nor the Company are authorized to exploit Rihanna's name or the FENTY Mark, or to act on behalf of Rihanna.  Rihanna's manager further told Mr. Perkins in an email that he was to "stop" misrepresenting his affiliation with Rihanna and to stop soliciting business for Rihanna's services.

47.     Apparently ignoring Plaintiffs' repeated demands to cease and desist, on August 15, 2018, Mr. Perkins and Mr. Fenty caused an unsuccessful application to be filed with the United States Patent and Trademark Office claiming under penalty of perjury that they have a bona fide intent-to-use the mark "FENTY" in connection with resort boutique hotels (Serial No. 88-080197). Upon information and belief, Plaintiffs allege that Mr. Perkins and Mr. Fenty never had a bona-fide intent to use the mark "FENTY" in connection with resort boutique hotels, and that they caused the application to be filed simply to reserve the right to a mark and to mislead the public into believing that Mr. Perkins and Mr. Fenty are affiliated with Rihanna and her businesses operated under the FENTY Mark, and/or that Rihanna would be affiliated with, sponsor or approve such use in connection with resort boutique hotels.

48.     On or about December 28, 2018, Plaintiffs sent Defendants a second letter demanding that they cease and desist from their unauthorized use of the FENTY Mark, fraudulent claims of affiliation with Rihanna and false advertisements to the public, that the Company is affiliated with Rihanna, or that she has sponsored or approved the Company.

49.     Defendants continue to this date to use their misrepresentations for their commercial advantage and to mislead the public. This fraudulent conduct harms not only Plaintiffs, but the public at large, and requires judicial intervention.

///

///

///

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**FIRST CAUSE OF ACTION:**

**FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

50.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 49 above as though fully set forth herein.

51.     As set forth above, Plaintiffs have been using the FENTY Mark in connection with Rihanna's services since 2012 and her business ventures since at least as early as 2014.  The FENTY Mark is inextricably intertwined with Rihanna and her well-known business ventures, and is known to consumers around the world. Plaintiffs' use of the FENTY Mark has been ongoing since before the acts of Defendants complained of herein.

52.     Defendants' unauthorized and tortious conduct is likely to cause, has caused, and is now causing confusion, mistake and deception in the public mind that: (i) the Company is affiliated with Rihanna, and that she sponsors and approves the Company's use of her name and the FENTY Mark; (ii) the Company has authority to solicit business for Rihanna's services; (iii) the Company has authority to negotiate and/or to enter into agreements on Rihanna's behalf; (iv) Defendants are establishing other businesses, such as resort boutique hotels, falsely implying and claiming that Rihanna is involved with such businesses; and (v) Mr. Fenty and Mr. Perkins have authority to exploit Rihanna's name and the FENTY mark.

53.     Defendants' conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendants' unauthorized and tortious conduct also has deprived, and will continue to deprive,  Plaintiffs of the ability to control the consumer perception of Rihanna's services and businesses, and the products and services marketed under the FENTY Mark, and places the valuable reputation and goodwill of Plaintiffs in the hands of Defendants, over which  Plaintiffs have no control.

55.     Defendants are aware that their conduct is unauthorized and that their

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

statements are false, and they have been repeatedly told to cease and desist their unauthorized, fraudulent and infringing conduct. Nonetheless, Defendants continue to use the FENTY Mark and to misrepresent an affiliation with Rihanna.  In addition, Defendants publicized their false statements on the Site for the purpose of soliciting business.

56.    Defendants had direct knowledge of Plaintiffs' continuous and consistent use of the FENTY Mark, including because Mr. Fenty is Rihanna's father, and her brands and products, which prominently use the FENTY Mark (and often with images of Rihanna and/or the phrase "by Rihanna"), is world renown, famous and publicized on media channels around the world.  Defendants' knowledge predates Defendants' unauthorized adoption and attempted use of the FENTY Mark, and Defendants' ongoing marketing and sale of entertainment services in connection with the FENTY Mark evidences Defendants' willful intent to cause consumer confusion and to trade off of the goodwill affiliated with Rihanna's name and the FENTY Mark. Accordingly, this case qualifies as exceptional under 15 U.S.C. § 1117.

57.    As a direct and proximate result of Defendants' infringement under 15 U.S.C. § 1125(a), Plaintiffs have suffered damages, and Defendants are liable for treble actual damages or Defendants' profits pursuant to 15 U.S.C. § 1117(a), in an amount to be proven.  Defendants are further liable to Plaintiffs for all losses and damages, including lost profits and costs for corrective advertising, suffered by the Plaintiffs as a result of Defendants' wrongful use and infringement of the FENTY Mark and Rihanna's name, including prejudgment and postjudgment interest and costs pursuant to 15 U.S.C. § 1117; Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

58.    As a direct and proximate result of Defendants' infringement under 15 U.S.C. § 1125(a), Plaintiffs have also suffered and will continue to suffer substantial damage and irreparable harm constituting injury for which they have no adequate remedy at law.  Unless restrained and enjoined by this Court, the wrongful acts of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill associated with the FENTY Mark.

### SECOND CAUSE OF ACTION:

### FALSE ADVERTISING – 15 U.S.C. § 1125(a)

### (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

59.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 49 above as though fully set forth herein.

60.     As set forth above, Plaintiffs have been using the FENTY Mark in connection with Rihanna's services since 2012 and her business ventures since at least as early as 2014.  The FENTY Mark is inextricably intertwined with Rihanna and her well-known business ventures, and consumers around the world understand that Rihanna is the source of products and services bearing the FENTY Mark.  Plaintiffs' use of the FENTY Mark has been ongoing since before the acts of Defendants complained of herein.

61.     Defendants' unauthorized and tortious conduct is likely to cause, has caused, and is now causing confusion, mistake and deception in the public mind that: (i) the Company is affiliated with Rihanna and that she sponsors and approves the Company's use of her name and the FENTY Mark; (ii) the Company has authority to solicit business for Rihanna's services; (iii) the Company has authority to negotiates and/or to enter into agreements on Rihanna's behalf; (iv) Defendants are establishing other businesses, such as resort boutique hotels, falsely implying and claiming that Rihanna is involved with such businesses; and (v) Mr. Fenty and Mr. Perkins have authority to exploit Rihanna's name and the FENTY mark.

62.     Defendants falsely touted on the Site, on its linked social media pages and on Mr. Perkins' personal social media pages that Rihanna launched the Company with her father in furtherance of Defendants' wrongful conduct, and in an effort to secure business opportunities. Third parties have accepted these false statements as true and republished them on their own websites.  Plaintiffs have repeatedly advised

Defendants that these statements are absolutely false and have demanded that Defendants cease and desist further misrepresentations and infringements of the FENTY Mark. Nonetheless, the Site continues to falsely imply an affiliation with Rihanna and continues to solicit business pursuant to this false advertisement.

63. Such conduct by Defendant constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' unauthorized and tortious conduct also has deprived, and will continue to deprive, Plaintiffs of the ability to control the consumer perception of Rihanna's services and businesses, and the services marketed under the FENTY Mark, and places the valuable reputation and goodwill of Plaintiffs in the hands of Defendants, over which Plaintiffs have no control.

64. Defendants are aware that their conduct is unauthorized and that their statements are false, and they have been repeatedly told to stop. Nonetheless, Defendants continue to use the FENTY Mark and to misrepresent an affiliation with Rihanna and that she sponsors and approves the Company's use of her name and the FENTY Mark. In addition, Defendants publicize their false statements on the Site for the purpose of soliciting business. Defendants' direct knowledge of Plaintiffs' use of and affiliation with the FENTY Mark predates Defendants' adoption and use of the FENTY Mark, and Defendants' ongoing marketing and sale of entertainment services in connection with the FENTY Mark evidences Defendants' willful intent to cause consumer confusion and to trade off of the goodwill affiliated with Rihanna's name, and renders this case exceptional under 15 U.S.C. § 1117.

65. As a direct and proximate result of Defendants' infringement under 15 U.S.C. § 1125(a), Plaintiffs have suffered damages, and Defendants are liable for treble actual damages or Defendants' profits pursuant to 15 U.S.C. § 1117(a), in an amount to be proven. Defendants are further liable to Plaintiffs for all losses and damages, including lost profits and costs for corrective advertising, suffered by the Plaintiffs as a result of Defendants' wrongful use and infringement of the FENTY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Mark and Rihanna's name, including prejudgment and postjudgment interest and costs pursuant to 15 U.S.C. § 1117; and Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

66.   As a direct and proximate result of Defendants' infringement under 15 U.S.C. § 1125(a), Plaintiffs have suffered and will continue to suffer substantial damage and irreparable harm constituting injury for which they have no adequate remedy at law.  Unless restrained and enjoined by this Court, the wrongful acts of Defendant will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill earned and now associated with the FENTY Mark.

## THIRD CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 3344

## (RIHANNA AGAINST ALL DEFENDANTS)

67.   Plaintiffs reallege and incorporate by reference 1 through 49 above as though fully set forth herein.

68.   Since at least April 2017, Defendants knowingly have misused and misappropriated, and continue to misuse and misappropriate Rihanna's name to solicit business and to falsely imply that she sponsors and approves the Company's use of her name and the FENTY Mark.  Defendants' knowing misuse and misappropriation of Rihanna's name has also been used, and is continuing to be used, to market and advertise the Company's services. Defendants are aware that their conduct is unauthorized and that their statements are false, and they have been repeatedly told to stop.  Accordingly, Defendants' misrepresentations are made with actual malice.

69.   Defendants' misappropriation of Rihanna's name is for a commercial purpose, including, without limitation to: (i) solicit offers for Rihanna's services, (ii) procure performance engagements for Rihanna; (iii) enter into "agreements" with various promoters for Rihanna's services; (iv) solicit monies from potential investors in connection with these false representations; (v) solicit business opportunities for Rihanna; and (vi) establish other businesses, such as resort boutique hotels, falsely

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

implying and claiming that Rihanna is involved with such businesses; and (vi) falsely representing that Mr. Fenty and Mr. Perkins have authority to exploit Rihanna's name and the FENTY Mark.

70.     Defendants' conduct constitutes a misappropriation of Rihanna's name in violation of Section 3344 of the California Civil Code.

71.     As a direct and proximate result of Defendants' wrongful misappropriation of Rihanna's name, Plaintiffs have suffered and will continue to suffer substantial damage and irreparable harm and seek recovery of all damages, including statutory or actual damages, whichever is greater, in an amount to be proven, prejudgment interest, attorney's fees and costs, as is permitted pursuant to Civil Code Section 3344(a).

72.     Defendants engaged in the foregoing improper conduct, intentionally misappropriating Rihanna's name and misrepresenting an affiliation with her.  Such conduct constitutes an intentional misrepresentation, deceit, or concealment with the intention on the part of depriving Rihanna of her legal rights.   Accordingly, Defendants improper conduct is malicious pursuant to Section 3294 of the California Civil Code, and Defendants are liable for punitive damages pursuant to Section 3344(a).

## FOURTH CAUSE OF ACTION:
## INVASION OF PRIVACY - FALSE LIGHT PUBLICITY
## (RIHANNA AGAINST ALL DEFENDANTS)

73.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 49 above as though fully set forth herein.

74.     Rihanna has a reasonable expectation of privacy in her business affairs, including the right to authorize use of her name and the FENTY Mark, and to choose what business engagements to accept and what agreements to enter into, particularly with respect to personal service agreements for her performances.  Rihanna similarly has a reasonable expectation of privacy in the appropriation of and the public

affiliation with her name.

75.   Defendants solicit business from third parties through the Site and through other social media locations, as well as directly in person, orally and in writing, which have in the past, and some currently, affirmatively represented to the public that the Company is affiliated with Rihanna and/or that Defendants are authorized to act on her behalf.   The Site presently offers no disclaimer to the contrary.

76.   Defendants' false statements include, without limitation, at least the following: (i) soliciting offers for Rihanna's services without authorization or agreement from Rihanna; (ii) procuring performance engagements without authorization or agreement from Rihanna's; (iii) entering into agreements with various promoters for Rihanna's services without her authorization or agreement to be so bound; (iv) soliciting payment for these fraudulent misrepresentations; (v) establishing other businesses, such as resort boutique hotels, falsely implying and claiming that Rihanna is involved with such businesses; and (vi) using the FENTY Mark to confuse consumers and misrepresent an affiliation with Rihanna.

77.   These misrepresentations are highly offensive in that they seek to cause consumer confusion, to trade off of the goodwill affiliated with Rihanna's name and the goodwill of her well-known and famous FENTY Mark and the products and services offered under the FENTY Mark.

78.   Defendants are aware of the falsity of these statements and have been repeatedly told to stop.   Notwithstanding these warnings, Defendants continuously and repeatedly made and make these misrepresentations. Accordingly, Defendants' misrepresentations are made with actual malice.

79.   As a direct and proximate result of Defendants' wrongful misappropriation of Rihanna's name and false affiliation with Rihanna, Rihanna has suffered and will continue to suffer substantial damage and irreparable harm in an amount to be proven at trial.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

80.    Defendants engaged in the foregoing improper conduct, intentionally misappropriating Rihanna's name and misrepresenting an affiliation with her.  Such conduct constitutes an intentional misrepresentation, deceit, or concealment with the intention on the part of depriving Rihanna of her legal rights. Accordingly, Defendants improper conduct is malicious pursuant to Section 3294 of the California Civil Code, and Defendants are liable for punitive damages.

## FIFTH CAUSE OF ACTION:
## DECLARATORY RELIEF – 28 U.S.C. § 2201
## (PLAINTIFFS AGAINST ALL DEFENDANTS)

81.    Plaintiffs reallege and incorporate by reference 1 through 49 above as though fully set forth herein.

82.    Defendants repeatedly have been told that they have no authority to speak on behalf of Rihanna and have no authority to use Rihanna's name or the FENTY Mark, to claim any business affiliation with her, to bind her to concert tour agreements or any agreements with third parties.  Notwithstanding express statements by Rihanna's representatives to the contrary, Defendants continue to misappropriate Rihanna's name, to infringe on the FENTY Mark, and to misrepresent a business affiliation with Rihanna that does not exist, nor has it ever.  Defendants also continue to maintain the Site which fails to correct these misrepresentations.

83.    Accordingly an actual and justiciable controversy presently exists and a judicial declaration is necessary and appropriate at this time under the circumstances in order that it be determined that Defendants have no right or authority to make any future statements on Rihanna's behalf, to negotiate concerts or other deals on Rihanna's behalf, to tout themselves as being authorized to negotiate or to enter into agreements on Rihanna's behalf, to claim an affiliation with Rihanna and/or to use her name or the FENTY Mark.  If no judicial declaration is made, Defendants may inequitably continue to make unauthorized statements, misappropriate Rihanna's name and the FENTY Mark, and misrepresent an affiliation with Rihanna where none

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

exists.

84.   Plaintiffs therefore seek a declaration from the court that:

a.   Defendants are prohibited from selling, offering for sale, advertising, or promoting any goods or services using the FENTY Mark or any other term that is confusingly similar to Rihanna's name;

b.   Defendants are prohibited from falsely stating or promoting any business affiliation, or relationship, with Rihanna;

c.   Defendants are prohibited from falsely stating or implying that they have authority to: (i) speak on Rihanna's behalf, (ii) negotiate and/or enter into contracts, deals or to accept any offers on Rihanna's behalf; (iii) solicit business for Rihanna's services; (iv) solicit any business opportunities for Rihanna, and/or (v) establish other businesses, such as resort boutique hotels, falsely implying and claiming that Rihanna is involved with such businesses; and

d.   Defendants are prohibited from performing any actions or using any words, names, styles, titles or marks that are likely to cause confusion, to cause mistake, or to deceive or otherwise mislead the public into believing that Defendants are endorsed or sponsored by, affiliated with, or associated in any way with Plaintiffs.

## SIXTH CAUSE OF ACTION:

## INJUNCTIVE RELIEF

## (PLAINTIFFS AGAINST ALL DEFENDANTS)

85.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 49 above as though fully set forth herein.

86.   Defendants' wrongdoing described herein is substantial and it will continue to adversely affect Plaintiffs in an amount and to a degree that cannot be fully addressed by any remedy at law.

87.   Defendants' wrongdoing described herein has caused and will continue

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

to cause irreparable injury to Plaintiffs' reputation, name, and businesses, unless and until there is an injunction in place prohibiting the proscribed conduct. Defendants' wrongdoing is ongoing and continues to this day and will continue to injure Plaintiffs until stopped.

88.   Defendants' use of the FENTY Mark on the Site and in connection with new businesses are likely to cause, have caused and are continuing to cause confusion with the public.

89.   Plaintiffs therefore request that the Defendants be permanently enjoined from further conduct, including without limitation from:

  a. selling, offering for sale, advertising, or promoting any goods or services using the FENTY Mark or any other term that is confusingly similar to Rihanna's name;

  b. falsely stating or promoting any business affiliation, or relationship, with Rihanna;

  c. falsely stating or implying that they have authority to: (i) speak on Rihanna's behalf, (ii) negotiate and/or enter into contracts, deals or to accept any offers on Rihanna's behalf; (iii) solicit business for Rihanna's services; (iv) solicit any business opportunities for Rihanna, and/or (v) establish other businesses, such as resort boutique hotels, falsely implying and claiming that Rihanna is involved with such businesses; and

  d. performing any actions or using any words, names, styles, titles or marks that are likely to cause confusion, to cause mistake, or to deceive or otherwise mislead the public into believing that Defendants are endorsed or sponsored by, affiliated with, or associated in any way with Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

**For Plaintiffs' First and Second Causes of Action:**

1. Judgment be entered in Plaintiffs' favor;

2. Defendants recover all damages including: (i) treble actual damages or Defendants' profits pursuant to 15 U.S.C. § 1117(a), in an amount to be proven; (ii) all losses and damages, including lost profits and costs for corrective advertising, suffered by the Plaintiffs as a result of Defendants' wrongful use and infringement of the FENTY Mark and Rihanna's name; (iii) prejudgment and postjudgment interest and costs pursuant to 15 U.S.C. § 1117; and (iv) Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

3. Defendants' be permanently enjoined from continuing the wrongful conduct alleged herein.

4. Judgment granting Plaintiffs' any such other relief as this Court deems just and proper.

**For Plaintiffs' Third Cause of Action:**

5. Statutory damages or actual damages, whichever is greater, according to proof;

6. For attorney's fees and costs of suit incurred herein;

7. For exemplary and punitive damages in an amount according to proof;

8. For prejudgment interest at the maximum rate permitted by law; and

9. For such other or further relief as the Court deems just and proper.

**For Plaintiffs' Fourth Cause of Action:**

10. For compensatory damages in an amount according to proof, which exceeds the jurisdictional minimum of this Court;

11. For exemplary and punitive damages in an amount according to proof;

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

12.  For Plaintiffs' costs of suit incurred herein;

13.  For prejudgment interest at the maximum rate permitted by law; and

14.  For such other or further relief as the Court deems just and proper.

**For Plaintiffs' Fifth Action:**

15.  A declaratory judgment that Defendants are prohibited from:

 a.  selling, offering for sale, advertising, or promoting any goods or services using the FENTY Mark or any other term that is confusingly similar to Rihanna's name;

 b.  falsely stating or promoting any business affiliation, or relationship, with Rihanna;

 c.  falsely stating or implying that they have authority to: (i) speak on Rihanna's behalf, (ii) negotiate and/or enter into contracts, deals or to accept any offers on Rihanna's behalf; (iii) solicit business for Rihanna's services; (iv) solicit any business opportunities for Rihanna, and/or (v) establish other businesses, such as resort boutique hotels, falsely implying and claiming that Rihanna is involved with such businesses; and

 d.  performing any actions or using any words, names, styles, titles or marks that are likely to cause confusion, to cause mistake, or to deceive or otherwise mislead the public into believing that Defendants are endorsed or sponsored by, affiliated with, or associated in any way with Plaintiffs.

16.  For such other or further relief as the Court deems just and proper.

**For Plaintiffs' Sixth Action:**

17.  Judgment be entered permanently enjoining Defendants from:

 a.  selling, offering for sale, advertising, or promoting any goods or services using the FENTY Mark or any other term that is confusingly similar to Rihanna's name;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

b. falsely stating or promoting any business affiliation, or relationship, with Rihanna;

c. falsely stating or implying that they have authority to: (i) speak on Rihanna's behalf, (ii) negotiate and/or enter into contracts, deals or to accept any offers on Rihanna's behalf; (iii) solicit business for Rihanna's services; (iv) solicit any business opportunities for Rihanna, and/or (v) establish other businesses, such as resort boutique hotels, falsely implying and claiming that Rihanna is involved with such businesses; and

d. performing any actions or using any words, names, styles, titles or marks that are likely to cause confusion, to cause mistake, or to deceive or otherwise mislead the public into believing that Defendants are endorsed or sponsored by, affiliated with, or associated in any way with Plaintiffs.

18. For such other or further relief as the Court deems just and proper.


DATED: January 15, 2019

REED SMITH LLP


By: */s/ Carla M. Wirtschafter*
Jordan W. Siev (pro hac vice forthcoming)
Carla M. Wirtschafter
Attorneys for Plaintiffs
*Robyn Rihanna Fenty, Roraj Trade, LLC and Combermere Entertainment Properties, LLC*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury as to all issues properly so tried.

DATED:  January 15, 2019

REED SMITH LLP

By: */s/ Carla M. Wirtschafter*
　　Jordan W. Siev (pro hac vice forthcoming)
　　Carla M. Wirtschafter
　　Attorneys for Plaintiffs
　　*Robyn Rihanna Fenty, Roraj Trade, LLC*
　　*and Combermere Entertainment Properties,*
　　*LLC*